UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| ERIC ZERMENO, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL JORDAN, JEFF BEZO, and DONALD TRUMP, <br><br> Defendants. | CAUSE NO.: 2:19-CV-269-JVB-JPK |

OPINION AND ORDER

Eric Zermeno, without counsel, filed a complaint seeking more than fifty million dollars from former basketball player Michael Jordan, Amazon executive Jeff Bezos, and President Donald Trump. Zermeno alleges Michael Jordan paid people in 1998 to pick on him. He alleges he felt a vibe from Jeff Bezos because of his motivated style. He alleges Donald Trump "came to be about the Iraq war." ECF 1 at 3.

Zermeno seeks leave to proceed in forma pauperis. However, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious . . . ." Such is the case here. Though it is usually necessary to hold a hearing to determine the merits of a claim, "[s]ometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002). *See also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Therefore this case will be dismissed.

Moreover, though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed sua sponte, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Holland v. City of Gary*, 503 F. App'x 476, 477–78 (7th Cir. 2013) (amendment of complaint with fantastic and delusional allegations would be futile). *See also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009).

This is not the only frivolous and malicious case filed by Zermeno. In *Zermeno v. Saikawa*, 2:19-CV-302 (N.D. Ind. filed August 16, 2019), his claims against Nissan and Porsche executives were found frivolous and malicious when he alleged they had mined his brain and stolen the designs of several high end cars. In *Zermeno v. France*, 2:19-CV-306 (N.D. Ind. filed August 19, 2019), his claims against a NASCAR executive were found frivolous and malicious when he alleged NASCAR disrespected him even though he was a great driver from whom they learned how to drive and how to build their cars. In *Zermeno v. Silver*, 2:19-CV-307 (N.D. Ind. filed August 19, 2019), his claims against the NBA Commissioner were found frivolous and malicious when he alleged the NBA was trying to frame him for criminal activity since 2000.

Enough is enough. "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). "Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re*

*McDonald*, 489 U.S. 180, 185 n. 8 (1989), quoting *In re Martin-Trigona*, 737 F. 2d 1254, 1261 (2nd Cir. 1984).

For these reasons, the court:

(1) DENIES the in forma pauperis motion (ECF 2);

(2) DISMISSES this case as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i); and

(3) CAUTIONS Eric Zermeno if he files another frivolous or malicious lawsuit, he may be fined, sanctioned, or restricted.

SO ORDERED on August 22, 2019.

  s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE